## In re HALL.

### (District Court, S. D. New York. June 7, 1909.)

BANKRUPTCY (§ 391*) — STAY OF PROCEEDINGS AGAINST BANKRUPT — "DISCHARGEABLE DEBTS" — FINE FOR CONTEMPT.

A fine imposed on a bankrupt, although after the filing of the petition against him, by a state court for a criminal contempt is not a dischargeable debt under Bankr. Act July 1, 1898, c. 541, § 17a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), and proceedings for its enforcement will not be stayed by the court of bankruptcy, if the contempt have itself occurred prior to the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–654; Dec. Dig. § 391.*]

In Bankruptcy. On motion to vacate stay.

Louis J. Rosett, for bankrupt.

James Foster Milliken, for judgment creditor.

HAND, District Judge. In re Koronsky (C. C. A.) 170 Fed. 719, governs this case, although it is true that the contempt there preceded the filing of the petition. That makes no difference, because though the stay would prevent any further steps from being taken in the action, yet if, prior to the stay, the bankrupt had actually disobeyed the order of the court, his punishment must be entirely for the court. It can make no difference that the court has not fixed this punishment prior to the stay itself.

It is also true that in the case at bar the attorney may have been in contempt for moving the bankrupt's punishment, but this is not a motion to punish him for disobedience of that order. I do not think, therefore, that the case at bar is distinguishable.

The bankrupt asserts, however, that he permitted the order punishing him to be entered, because he relied upon the stay, that he had a good excuse for failing to obey the order of the state court, and that he should not now, having acted in reliance upon the order of this court, be deprived of its protection. The matter is one of jurisdiction, and this court cannot retain jurisdiction, even in the interests of equity. No doubt, if the facts are as the bankrupt asserts in his papers, the state court will give him a fair hearing upon a motion to reopen that order, but whether it does or not can make no difference in the disposition of this motion, for I cannot assume an improper jurisdiction in order to prevent the chance of another court's dealing unfairly with the bankrupt. I must assume that the state court is quite as able to consider his excuse as the court of bankruptcy, and he will without doubt be able to get from that court such modification of its order as in justice he should. He has lost nothing by the lapse of time, since an appeal would have been quite fruitless, and his only effective course is to reopen the order, which course is still free to him.

The motion for a reargument is granted, and the stay is vacated in so far as it forbids the creditor Montgomery from proceeding to enforce the punishment of the bankrupt for contempt of the order of the state court.