**In re Michael DUMAS, D.M.D., Debtor.**

**Michael DUMAS, D.M.D., Appellant,**

**v.**

**Jerry Lee ATWOOD and Lars O. Lagerman, Appellees.**

**Bankruptcy No. B–80–2824 PHX–HC.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 22, 1982.

Decided March 29, 1982.

Randolph J. Haines, Gerald K. Smith, Lewis & Roca, Phoenix, Ariz., for appellant.

F. William Sheppard, Jennings, Strouss & Salmon, Phoenix, Ariz., Lawrence L. Pavilack, Pavilack, Spack & Mulchay, P.C. Scottsdale, Ariz., for appellees.

Before HUGHES, ELLIOTT and KATZ, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

This appeal raises the question of whether a post-bankruptcy request to enter sentence for a pre-bankruptcy contempt violates the automatic stay of 11 U.S.C. § 362. We hold that it does not and affirm the trial court.

I

An architect, Jerry Lee Atwood, obtained an Arizona money judgment against Dumas, a San Francisco dentist, as a result of Dumas' participation in a Phoenix real estate venture. Supplemental proceedings seeking satisfaction of the judgment led to a stipulation that Dumas was in contempt of court for violation of a subpoena. Sen-

tencing initially was set for a November date but, again by stipulation of the parties, Atwood requested a continuance to December 19. It was understood that if Dumas purged himself, sentencing would be abandoned.

Without fully complying with the subpoena, and thereby purging himself, the San Francisco dentist filed bankruptcy in Phoenix on December 16, 1980 and promptly notified Atwood. Just before the sentencing hearing on December 19, Dumas' bankruptcy attorney advised Atwood's attorney he would seek a contempt citation for violation of the section 362 stay if Atwood permitted the matter to go forward. Dumas' bankruptcy counsel then departed.

Dumas did not appear at the hearing, to the surprise of his state court counsel, and the judge sentenced Dumas to one week in jail plus a $275 fine after having been advised of the bankruptcy and the automatic stay. That sentence was set aside in January on Dumas' motion.

Dumas then went to the bankruptcy court for an order holding Atwood and his attorney in contempt of the automatic stay. During the contempt hearing, the bankruptcy judge observed that sentence would not have been imposed if Atwood's attorney "had just shut up." (Counsel had suggested in state court that Dumas would be heard "laughing all the way from San Francisco" if sentence were not imposed). Nevertheless, he ordered the contempt motion dismissed. This appeal is from that order.

## II

It is not clear whether the court dismissed on factual or legal grounds. As to the former, there are no express findings of fact and Atwood argues that the court's colloquy with counsel does not amount to an informal finding. We need not characterize the court's statement under our view of the law, however. Even if Atwood were found to have instigated the punishment, dismissal was proper on the authority of *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977).

The automatic stay in *Hooker* arose from Bankruptcy Rule 401, rather than section 362. However, the present statute and the former rule are essentially similar. Dumas does not disagree and seeks instead to distinguish the cases. We are unable to find that distinction.

The relevant facts in *Hooker* parallel those before us. Hooker Ltd., defendant in a contract action pending in the district court, was ordered to answer interrogatories by December 6, 1974. The corporation filed bankruptcy on November 26 and, after failing to answer the interrogatories, sought a stay of the contract action because of the Rule 401 stay. The district court honored the 401 stay but again ordered Hooker Ltd. to answer the interrogatories. Once again, Hooker Ltd. failed to answer within the time allowed and an order issued directing the bankrupt and its president to show cause why they should not be punished for contempt of court. The president was ordered to pay plaintiff the sum of $2000 for attorneys fees pursuant to FRCP 37.

Before the Circuit Court of Appeals, the president argued that the district court was without jurisdiction to issue the sanction order because of the automatic stay. However, the appeals court said the question raised related to "the propriety of a delinquent defendant to obey an earlier discovery order where, in the interim, the defendant files a bankruptcy petition."

In holding that "the actions of the trial court here were entirely proper and consistent with the operation of Rule 401(a)," the *Hooker* court noted that:

1. The sanction order "does not involve a determination of the ultimate obligation of the bankrupt nor does it represent a ploy by a creditor to harass him. The order . . . imposing a sanction on the managing agent for his prior failure to comply in no way affects the operation of the stay in the main proceeding."

2. "Previous cases have held that 'suits' or 'actions' to be stayed, as used in the bankruptcy statutes and rules, would not include contempt proceedings arising out of disobediences of a state court order made

prior to the stay." Cited were *In re Hall*, 170 F. 721 (SDNY 1909) and *In re Spagat*, 4 F.Supp. 926, 927 (SDNY 1933).

Dumas seeks to distinguish *Hooker* factually and procedurely. First, the sanctions order was against an officer of the corporation and not the debtor whereas in this case the debtor himself was sentenced. Second, he says that question in *Hooker* was whether the district court (not sitting in bankruptcy) had jurisdiction to enter the sanction order. In our case, Dumas does not question the state court's jurisdiction; instead, he urges that its exercise of jurisdiction at the request of Atwood was a violation of the automatic stay by Atwood.

We conclude that neither distinction is material. For purposes of this issue, the circuit court approved the propriety of the sanction order as to both the bankrupt corporation and the non-bankrupt officer. ("[I]t was also within the trial judge's power to consider whether the defendant and its agent were in contempt of court...") We perceive no reluctance by the circuit court to have imposed the sanction on the corporation solely because it was the bankrupt.

As to the remaining distinction, it is of course one thing to hold that a court has jurisdiction and another thing to hold that a creditor who requests an exercise of that jurisdiction does not violate the stay. However, a close reading of *Hooker* reveals that the circuit court was not so much concerned with jurisdiction as the propriety of exercise of jurisdiction. In concluding that the exercise was proper and consistent with the automatic stay, the court of appeal held that the district court's contempt proceeding did not violate the bankruptcy stay. If the exercise of jurisdiction was proper, it should make no difference who initiated it.

The *Hooker* court noted that the basic jurisdiction was not at issue. A "stay of a suit pending in another court against the bankrupt ... [does not] deprive the court of jurisdiction over the matter; it merely suspends the proceedings. (Citations omitted). Whether every aspect of the proceeding is to be suspended is the question raised herein..."

The court cited *Hall*, supra, and *Spagat*, supra in support of its statement that statutory stays in bankruptcy do not "include contempt proceedings arising out of disobedience of a state court order made prior to the stay." Indeed, it cited with approval a passage from *Hall* that has direct application to this case:

"... though the stay would prevent any further steps from being taken in the action, yet if, prior to the stay, the bankrupt had actually disobeyed the order of the court, his punishment must be entirely for the court. It can make no difference that the court has not fixed this punishment prior to the stay itself."

*In re Hall*, supra, 170 F. at 721.

We conclude, on the authority of *Hooker*, that the state court's sentence for contempt after bankruptcy for disobeyance of the subpoena before bankruptcy was not affected by the automatic stay of 11 U.S.C. § 362 even if it were imposed at the request of Atwood.

In view of our holding we need not decide whether the contempt was civil or criminal.

The order dismissing debtor's application for an order of contempt is affirmed.