## In re RHOTEN CONSTRUCTION COMPANY, Debtor.

## RHOTEN CONSTRUCTION COMPANY, Plaintiff,

v.

## THIRD NATIONAL BANK, Defendant.

Bankruptcy No. 382–01979.

Adv. No. 382–0443.

United States Bankruptcy Court, M. D. Tennessee, Nashville Division.

Aug. 5, 1982.

Margaret L. Behm, Shipley & Behm, Nashville, Tenn., for debtor/plaintiff.

Richard Dance, Dance & Lincoln, Nashville, Tenn., for defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This matter was heard on July 19, 1982 on the application of the debtor for a temporary injunction and on the application of the debtor to require Third National Bank to show cause why it should not be found in contempt for violation of the stay of 11 U.S.C.A. § 362 (West 1979).

The parties stipulated to the facts. Third National Bank and the debtor were involved in a state court lawsuit. Following the entry of a substantial judgment in favor of Third National Bank, the bank filed a lengthy (approximately 50 pages) set of interrogatories. Under the rules of procedure applicable in the Tennessee state courts, the debtor had 30 days in which to answer the interrogatories. During the 30-day period, the debtor filed a motion with the state court seeking to avoid answering the interrogatories. The motion was denied by the state court. Before expiration of the 30-day period, the debtor filed a petition in bankruptcy. No motion to compel answers to the interrogatories was ever filed in the state court. However, two weeks after the bankruptcy petition, Third National Bank filed an application in the state court for contempt against the debtor for failure to answer the interrogatories. Counsel for the bank was fully informed of the bankruptcy petition. This court granted a temporary restraining order on July 8, 1982 restraining the bank from proceeding with its application for contempt. The preliminary injunction hearing and the hearing on the debtor's application for show cause were set simultaneously for July 19, 1982.

Third National Bank relies on the decision of the Bankruptcy Appellate Panel of the Ninth Circuit in *Dumas v. Atwood*, 19 B.R. 676, 8 B.C.D. 1314 (Bkrtcy.App. 9th Cir. 1982). The court in *Dumas* found that

336

the stay of 11 U.S.C.A. § 362 (West 1979) does not prohibit a state court from sentencing a debtor for contempt of a state court order entered prior to the debtor's petition in bankruptcy. In *Dumas* the debtor had been adjudged in contempt of a state court subpoena before filing bankruptcy. The only matter remaining for adjudication after the petition in bankruptcy was the penalty to be assessed against the debtor for his contempt. The automatic stay, of course, prohibits a litigant from commencing or continuing a state court action to collect a debt, assess the amount of a debt, seize the debtor's assets, etc. However, the *Dumas* court recognized there may be special state court proceedings which involve only the integrity of the state court judicial system which are not stayed by 11 U.S.C.A. § 362 (West 1979).

The case at hand is completely unlike *Dumas*. The debtor has not been found in contempt by any court. The petition in bankruptcy was filed before expiration of the time allowed by the state rules for the debtor to answer the interrogatories. No sanction had been requested by Third National Bank in the state court and no order of contempt had been issued by the state court. This case does not involve the integrity of the state court judicial system. It involves only the bank's effort to get information from the debtor in aid of collecting its judgment. The debtor's obligation to answer the interrogatories ceased upon the filing of the petition in bankruptcy. The debtor's failure to answer the interrogatories after filing bankruptcy does not interfere with the integrity of the judicial process in the state courts of Tennessee. There has been no afront to any state court order.

The court, therefore, finds that the filing of the action for contempt by Third National Bank was a violation of the stay of 11 U.S.C.A. § 362 (West 1979). This is a technical contempt by the bank and the costs of this proceeding, including attorney's fees of the debtor, will be assessed against Third National Bank. The court believes, however, that Third National Bank acted in good faith, thus there will be no fine imposed.

It is further the finding of the court that an injunction should issue enjoining Third National Bank from continuing with the state court action styled *Third National Bank v. Rhoten*, No. 81–2193–III (Davidson County Ch.Ct. May 14, 1982). This injunction shall be effective against Third National Bank unless and until the stay of 11 U.S.C.A. § 362 (West 1979) expires or this case is dismissed.

From a review of the affidavit of Margaret L. Behm, attorney for the debtor, it is the court's determination that the debtor and the debtor's attorney be awarded, as costs in this matter, fees and expenses in the amount of $1,000.