In re David L. CLOWSER, Debtor.

Karen Clowser FOERST, Plaintiff,

v.

David L. CLOWSER, Defendant.

Bankruptcy No. 83–00608–A.

Adv. No. 84–0110–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 18, 1984.

Pat Wilkes, Vienna, Va., for debtor.

Carl P. Horton, Oakton, Va., for plaintiff.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises out of a motion for relief from the automatic stay imposed under section 362 of the Bankruptcy Reform Act of 1978 ("the Code"). Debtor's former wife, plaintiff herein, prays for relief from the automatic stay in order to enforce an assessment of attorney's fees ordered by the Circuit Court of Fairfax County ("circuit court").

A property settlement agreement ("property settlement") executed by plaintiff and the debtor became effective December 13, 1978. Pursuant to the property settlement, the debtor agreed to accept sole responsibility for all of the parties' joint debts, including those to one Vivienne Douglass ("Douglass"). The property settlement was incorporated into the final decree of divorce entered by Judge Middleton of the circuit court on March 14, 1980. On January 19, 1983, Judge Plummer of the circuit court entered a show cause order against debtor for his failure to satisfy a debt owed

to Douglass. By order entered July 13, 1983 by Judge Keenan of the circuit court, debtor was found in contempt of the court order dated March 14, 1980. Debtor was ordered to satisfy the debt to Douglass in the amount of $2,600.00 by September 20, 1983. Additionally, the court allowed plaintiff to reserve the right to argue the issue of entitlement to attorney's fees. On July 22, 1983, debtor was ordered to pay partial attorney's fees in the amount of $500.00.

Debtor filed his Chapter 13 Plan on May 17, 1983. Throughout the above proceedings the debtor did not inform the circuit court, plaintiff, or even his own attorney in the contempt proceedings that he had filed a petition in bankruptcy. Belatedly, debtor filed a Suggestion of Bankruptcy in early October 1983. The Suggestion of Bankruptcy was filed subsequent to the date on which the debtor had been ordered to pay the Douglass obligation. Debtor was noticed to appear in the circuit court on October 14, 1983 for a hearing on plaintiff's motion for execution of punishment for contempt of court for failure to abide by the court's order dated July 13, 1983. After debtor failed to appear, Judge Keenan entered a show cause order against the debtor on October 21, 1983.

Pursuant to the show cause order, debtor appeared before the circuit court on November 4, 1983. After a hearing, Judge Keenan found the debtor in contempt of court for failing to inform the court or any of the parties of the pending bankruptcy proceedings. The court ordered that the debtor be incarcerated for one day and ordered debtor to pay plaintiff $665.00 in attorney's fees. Debtor served the one-day's incarceration in the Fairfax County Adult Detention Center. The original assessment of attorney's fees in the amount of $500.00 and the Douglass debt in the amount of $2,600.00 have been added to the debtor's Chapter 13 Plan. The second assessment of attorney's fees in the amount of $665.00 has not been added to the plan.

The issue to be addressed by the Court is whether relief from the automatic stay should be granted to plaintiff to collect the $1,165.00 in attorney's fees. Debtor contends that plaintiff should be held in con-

tempt of this Court for pursuing the state contempt action resulting in the imprisonment of debtor and the assessment of an additional $665.00 in attorney's fees after plaintiff had knowledge of the pending bankruptcy proceedings.

■ An act committed in disregard of a court order is a contempt of that court and is within the inherent power of the court to punish. *Ex parte Robinson,* 19 Wall. 505, 86 U.S. 505, 22 L.Ed. 205 (1874); *In re Hall,* 170 F. 721, 721 (S.D.N.Y.1909). Contempt proceedings vindicate the public interest by maintaining the court's integrity and coerce the contemnor into doing what he is required. *See Penfield Co. v. Securities & Exch. Comm'n,* 330 U.S. 585, 593–94, 67 S.Ct. 918, 922–23, 91 L.Ed. 1117 (1947); *Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir.1979). A possible conflict arises, however, when the contemnor files a petition in bankruptcy.

■ Litigation has surrounded the relationship between state contempt proceedings and the automatic stay granted the debtor under the Code. As a result, it is well-settled that the automatic stay of section 362 acts as a stay of court proceedings but does not deprive the state court of jurisdiction over the matter. *Securities & Exch. Comm'n v. Wencke,* 622 F.2d 1363, 1372 (9th Cir.1980); *David v. Hooker, Ltd.,* 560 F.2d 412, 418 (9th Cir.1977); *Paden v. Union for Experimenting Colleges and Universities,* 7 B.R. 289, 290–91 (N.D. Ill., E.D.1980). Additionally, when the contempt arises out of pre-petition conduct, courts have levied sanctions for the contempt despite the presence of the automatic stay. *David v. Hooker, Ltd.,* 560 F.2d 412, 418 (9th Cir.1977); *In re Dumas,* 19 B.R. 676, 678 (Bkrtcy. 9th Cir.1982); *see In re Hall,* 170 F. 721, 721 (S.D.N.Y.1909). As a part of the sanction for contempt or in addition thereto, state courts have assessed attorney's fees against the contemnor. *Arvin, Inc. v. Sony Corp.,* 215 Va. 704, 706, 213 S.E.2d 753, 754 (1975) (per curiam); *Deeds v. Gilmer,* 162 Va. 157, 262, 174 S.E. 37, 78–79 (1934). An assessment of attor-

ney's fees, however, inures to the party-opponent rather than to the state. *See* 4A M.J., *Contempt* § 29, p. 578 (Repl.Vol. 1983).

■ In the instant case, the timing of events must be noted. The circuit court issued a show cause order against debtor pre-petition on January 19, 1983 for debtor's failure to pay the Douglass debt as ordered by the court. Because of requests for continuance, debtor was not cited for contempt of court until July 1983. During that period preceding the contempt citation, debtor filed a petition in bankruptcy under Chapter 13 of the Code. After debtor filed his petition, the contempt proceedings remained on the state court's docket and continued to be scheduled and heard on three different occasions prior to the time the debtor filed his Suggestion of Bankruptcy. The Suggestion of Bankruptcy was filed five months subsequent to the debtor's filing of his petition in bankruptcy. During those five months, debtor never informed the circuit court, plaintiff's attorney or even his own attorney in the state court of the pending bankruptcy proceedings. By failing to inform the circuit court or the individuals involved, debtor endangered all those concerned with being held in contempt of this Court.

There can be no doubt but that the contempt order entered July 13, 1983 ordering debtor to pay Vivienne Douglass $2,600.00 and the subsequent order entered July 22, 1983 ordering debtor to pay attorney's fees of $500.00 are valid. The circuit court, plaintiff and debtor's own counsel had no knowledge of the bankruptcy filing at that time. The Court notes that debtor has added those debts to his Chapter 13 Plan. The plan provides for a 100% payout to unsecured creditors over a period of 54 months. This Court confirmed debtor's plan on August 30, 1983.

■ One critical issue to be decided is whether the assessment of additional attorney's fees after the Suggestion of Bankruptcy was filed was valid or was in contempt of this Court. Although the contempt proceedings originated in an attempt of plaintiff to force debtor to pay a joint debt to a third party, the circuit court's second contempt order clearly is intended to punish the debtor, not for his failure to pay the debt as ordered, but for his failure to notify the circuit court of the bankruptcy proceedings. Plaintiff's attorney proffered to this Court, without objection, that the circuit court wished to proceed after debtor informed the court of the bankruptcy proceedings in order to inquire of the debtor as to why he had allowed the contempt proceedings to continue for five months before he informed the court of the bankruptcy filing.

This Court is familiar with the case of *Matter of Thayer,* 24 B.R. 491, 493 (Bkrtcy. W.D.Wis.1982), wherein Judge Martin distinguished *Dumas, supra,* from a situation in which the party moving for a finding of contempt was seeking to collect a debt.[1] In *Thayer,* Judge Martin held that a party with a collection motive may not aid a court in policing the integrity of the court's orders. He found the former wife and her attorney in contempt of court for violating section 362, stating that the court must protect the integrity of its own orders *sua sponte* or on the motion of a party without a collection motive. *Id.* at 493. In the case *sub judice,* however, the circuit court found the debtor in contempt for his failure to inform the court of his bankruptcy filing on its own motion. The contempt citation clearly was aimed at debtor's failure to inform the court of the bankruptcy proceedings despite the fact that the hearing had been noticed for debtor's failure to abide by previous court orders. Additionally, in *Thayer,* the debtor had informed the state court of the bankruptcy filing six working days after the filing. In the in-

---

**1.** In the *Thayer* decision, Judge Martin noted that in *David v. Hooker, Ltd.,* 560 F.2d 412, 418 (9th Cir.1977) and in *In re Dumas,* 19 B.R. 676, 678 (Bkrtcy.App.9th Cir.1982), the *Hooker* court and the *Dumas* panel were enforcing previous orders regarding discovery. In neither instance had the order sought to be enforced required the payment of a debt. In *Thayer,* as in the instant case, the debtor's former wife was seeking the enforcement of a judgment of divorce which had required payment of a certain debt. 24 B.R. at 491.

stant case, debtor allowed the contempt proceedings to continue five months after the filing, evidencing a complete lack of respect for both the circuit court and this Court.

The circuit court sentenced the debtor to one-day's incarceration on November 4, 1983. Additionally, the court assessed $665.00 in attorney's fees against the debtor. The record does not indicate that the circuit court's ruling was ever appealed. Plaintiff's relief from stay motion was filed March 1, 1984, almost four months after the circuit court's ruling. Debtor first suggests plaintiff's activities are in contempt of this Court in his answer filed March 27, 1984.

Under the circumstances of this case and for the foregoing reasons, this Court holds that plaintiff and her attorney are not in contempt of this Court for violation of the automatic stay. Although section 362 is a shield to protect the debtor to provide for a "fresh start", the automatic stay was not intended by Congress to be used as a sword. Debtor's five month delay in informing the circuit court and his own attorney of the bankruptcy filing is inexcusable. Debtor misused the circuit court by failing to advise the court of the bankruptcy filing. Additionally, by being the only one privy to the knowledge of the filing, debtor had a duty to notify all parties concerned. Debtor failed in his duty.

The order entered by the circuit court on November 4, 1983 is proper and the assessment of the $665.00 in attorney's fees will be allowed. As indicated above, the incarceration of the debtor was a punishment to satisfy the public interest by maintaining the state court's integrity. The assessment of attorney's fees, however, inures to the benefit of the plaintiff and her counsel who are creditors. 4A M.J., *Contempt* § 29, p. 578 (Repl.Vol.1983). To grant relief from the stay for collection of such a fee creates an inequitable result by permitting a preferential payment. A more proper result is obtained by directing that the second award of attorney's fees be added to the debtor's Chapter 13 Plan, along with the previously-awarded $500.00 already in the plan. In addition, the Court will grant an extension of the plan to a full sixty months if necessary. Such an arrangement will provide for a more equitable result as well as allow the successful completion of debtor's plan.

An appropriate Order will enter.