UNITED STATES of America,
Plaintiff,

v.

Marcella P. THOMAS, Defendant.

Bankruptcy No. H–04–37809.
Civ.A. No. H–04–1723.

United States District Court,
S.D. Texas.

Nov. 25, 2005.

M.H. Cersonsky, Alonso Cersonsky, Houston, TX, for Plaintiff.

Marcella P. Thomas, Houston, TX, pro se.

Sonya J. Rogers–Blyden, Hall Law Firm PC, Houston, TX, for Defendant.

## Opinion on Duty of Debtors

LYNN N. HUGHES, District Judge.

### 1. *Introduction.*

■ A debtor who does not correctly schedule creditors, who does not disclose related litigation, and who does not file suggestions of bankruptcy in other cases cannot have the benefits of the bankruptcy law. Although debtors may consciously or unconsciously omit information that the law and their lawyers require, once a lawyer discovers the facts, he must notify, amend, and otherwise formally correct effects of the omission in a civil case.

### 2. *Background.*

In 1985, Marcella P. Thomas borrowed $2,500 from Colonial Savings Association. As a student loan, her obligation was guaranteed by Northstar Guarantee, Inc., and reinsured by the Department of Education. Thomas defaulted on the loan in 1987. The bank held Northstar to its guaranty, and in 1993, Northstar assigned the loan to the government on its guaranty.

In 1989, the government hired private counsel—Alonso, Cersonsky & Garcia, P.C.—to collect debt owed directly to the United States Department of Education. In April 1999, the Department of Education sent Thomas a letter explaining that the collection of her loan had been referred to its private counsel. It told her that all correspondence should be directed to the lawyers.

Later that April, the government's firm sent Thomas a letter about her debt. She did not respond. In March 2004, the firm wrote Thomas again. This time she responded. She questioned whether she owed the debt, and she refused to furnish financial data or discuss a payment plan.

In April 2004—the next month—the government through the firm sued Thomas on her promissory note. Thomas declined or evaded service in June and July. In September, the court allowed substituted service. Thomas then accepted service and returned the summons.

In October, with no answer or other pleading by Thomas, the court entered default judgement for the debt—about $8,0000. Later that month, counsel discovered—through a voice-message from the Hall Law Firm—that Thomas had filed for bankruptcy under the wage-earner chapter on June 6, 2004.

Although Thomas had scheduled the government debt, she listed it generally, omitting the address of the government's firm. Although this debt is nearly 20 years old, she had gotten the firm's information—for the second time—no more than three months earlier. As a result of her falsification of the schedule, the government's counsel was never notified of the bankruptcy. This meant that it did not have the opportunity to file a proof of its claim, and that meant that it was not included among the creditors who were to be paid under the plan.

The initiation of the bankruptcy automatically stays creditors' enforcing their claims. The government moved to vacate the judgment that it had inadvertently obtained after the bankruptcy started.

The district court vacated the judgment, and then it withdrew its reference of the bankruptcy to the bankruptcy court. In November, the court ordered Thomas to pay the original judgment and attorney fees.

Parenthetically, Thomas had voluntarily filed a wage-earner petition in 1992; it was dismissed on the trustee's motion. In

1992, her schedules included the government debt.

### 3. *Duties to the Court.*

■ A debtor who has filed bankruptcy and is involved in other litigation must inform each court of the other matter. *In re Clowser,* 39 B.R. 883, 885 (Bankr. E.D.Va.1984). Thomas breached this duty. She was served with this lawsuit three months *after* she declared bankruptcy. Although she obviously was aware of both proceedings, Thomas never answered the lawsuit nor suggested to that court that she was in bankruptcy.

Her bankruptcy attorney should have filed the suggestion. She says that she did not only because Thomas did not tell her about the government's suit. Unfortunately, Thomas's lawyer did not file the suggestion of bankruptcy after she discovered this suit; instead she left a voice-mail message for the plaintiff's counsel. While it is likely that Thomas was not candid, it does not excuse counsel from investigating her client's affairs; for even a casual search would have revealed the suit. Because of this lack of disclosure, this court and the government spent considerable time and resources pursuing an unenforceable judgment.

### 4. *Duties to Opposing Counsel.*

■ Thomas also had a duty to tell the government's attorney about the bankruptcy proceeding. *Id.* at 885. The duty to notify a creditor's attorney arises where the debtor or her counsel knows of the lawyer's representation of the creditor. This is parallel to the duty to communicate through counsel once a party is represented. Being in bankruptcy does not alter the responsibilities that generally apply to work through counsel. This is true for debtors' lawyers and debtors representing themselves.

■ It has been said that the duty to communicate with a creditor's counsel arises only when

A. The debtor or her counsel knows of the lawyer's representation of the creditor;

B. Has been advised to deal with counsel; and

C. Communications before the bankruptcy were between the debtor and creditor's counsel and none was between the debtor and the creditor.

*In re The Grand Union Company,* 204 B.R. 864, 878 (Bankr.D.Del.1997).

■ This mutates gratuitously the general rule into a complicated inquiry. Opposing parties must communicate with represented parties through counsel. Rule 4.02(a), Texas Disciplinary Rules of Professional Conduct.

The complicated approach would apply here. The Department of Justice told Thomas that the private counsel was responsible for the loan. The firm then sent her two letters, tried to serve her on two occasions, and left notice of the suit at her home. When Thomas questioned the debt, she called private counsel—not the Department of Education. There is no evidence to suggest she ever contacted the government directly.

■ Further, even if Thomas did not offer the names of private counsel, her bankruptcy attorney had a duty to fully inquire into the known creditors. See *In re Matthews,* 154 B.R. 673, 680 (Bankr. W.D.Tex.1993) Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct states that, "a lawyer shall not communicate with a person, organization or *entity of government* that the lawyer knows to be represented by another lawyer regarding the subject . . ." [Emphasis added.]

A reasonable inquiry by the Hall Law Firm—such as merely looking at the complaint in this case—would have uncovered the government's private representation. The firm could have done a party search of this district's docket to uncover all pending litigation and those parties' counsel. The government was not obliged to investigate Thomas—candid schedules and effective notice are the responsibility of the debtor, not the creditor.

### 5. New Duties for Debtors.

The recently passed revision of the bankruptcy code emphases the debtor's responsibility for omitted and false data. On April 20, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 was enacted. Pub.L. No. 109–8, 119 Stat. 25. This legislation urges the modification of Federal Rules of Bankruptcy Procedure to require that debtors and their attorneys make a "reasonable inquiry to verify that the information in the document is (1) well grounded in fact; and (2) warranted by existing law or a good faith modification for the extension, modification, or reversal of existing law." *Id.* at Sec. 319. This makes the schedules meet the same standard as other pleadings. Fed.R.Civ.P. 11; Fed. R. Bank. P. 9011.

### 6. Conclusion.

 Bankruptcy is a privilege offered to Americans who genuinely need the opportunity to start over—it is not the right to avoid obligations, especially the obligations of the bankruptcy process itself. The opportunity for a fresh start—whole or partial—is conditioned on the faithful compliance with the orders, rules, and laws.

A suggestion of bankruptcy should have been filed to protect the integrity of this court and unnecessary action by the government's counsel. Thomas should have listed the private counsel on the bankruptcy schedules and mailing matrix separately from the government's usual agent for service.

The United States of America will take from Marcella P. Thomas, the Hall Law Firm, P.C., and Ernesto Garcia—jointly and severally—$600.00.