938 A.2d 972 (2008)
397 N.J. Super. 630
Bonnie A. CLARK, Plaintiff-Respondent
v.
Anthony POMPONIO, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 2007.
Decided January 28, 2008.
*973 Salvatore A. Simeone, Morristown, argued the cause for appellant (Cutler, Simeone, Townsend, Tomaio & Newmark, L.L.C., attorneys; Mr. Simeone, of counsel and on the brief).
*974 Richard S. Diamond, Millburn, argued the cause for respondent (Diamond & Diamond, P.A., attorneys; Lynn M. Matits, on the brief).
Before Judges COBURN, GRALL and CHAMBERS.
The opinion of the court was delivered by
CHAMBERS, J.A.D.
In this matrimonial action, defendant, Anthony Pomponio, appeals from the equitable distribution provisions and award of counsel fees and costs set forth in the default judgment of divorce entered in favor of plaintiff, Bonnie A. Clark, his former wife. He also seeks to pursue his claim for alimony.
During the divorce proceedings, defendant filed a Chapter 13 petition, thereby triggering the automatic stay under 11 U.S.C.A. § 362(a). While the stay was in effect, the trial court suppressed defendant's answer without prejudice under Rule 4:23-5(a)(1), for failure to provide discovery. When the stay was lifted, the trial court dismissed the answer with prejudice, and after entering a default and conducting a proof hearing, entered a default judgment of divorce. The default judgment of divorce dissolved the marriage, divided the marital assets between the parties, provided for the custody, parenting time and support of the parties' minor child, and awarded plaintiff counsel fees and costs.
Since the filing of defendant's bankruptcy petition stayed the equitable distribution issues in the case, the suppression of defendant's answer on those issues violated the stay, and, hence, was void ab initio. See Constitution Bank v. Tubbs, 68 F.3d 685, 692 n. 6 (3d Cir.1995). As a result, the provisions in the default judgment of divorce providing for equitable distribution are void.
Although bankruptcy law did not stay adjudication of defendant's alimony, that claim should not have been dismissed due to the interrelationship of the financial issues in the case. As a result, defendant's claim for alimony survives and remains to be adjudicated by the court below. In addition, the award of attorney fees and costs must be reconsidered once all the financial issues are resolved.
Accordingly, the portions of the default judgment equitably distributing the marital assets and awarding attorney fees and costs are reversed. The case is remanded for resolution of the claims for equitable distribution, attorney fees and costs, and defendant's alimony claim.
The provisions in the default judgment of divorce dissolving the marriage and providing for child custody and parenting time have not been appealed, and those provisions of the default judgment of divorce remain in full force and effect. Defendant's obligation to pay child support, while raised in the notice of appeal, was not addressed in the briefs, and hence is not considered by this court. However, due to the interplay of the financial issues, on remand, the trial court may make any necessary adjustments in the child support obligation.

I.
Plaintiff and defendant were married on September 18, 1982, and subsequently had one child. Plaintiff commenced this divorce action on September 7, 2001, and defendant, represented by counsel, filed an answer and counterclaim in March 2002.
Discovery in the case did not go smoothly. Orders were entered on May 3, July 30, and September 10, 2002, providing for discovery. On September 27, 2002, defendant *975 was ordered to account for the funds in a Schwab account. A further order was entered on January 24, 2003, directing defendant to provide documents and a full accounting of the Schwab account and to provide documents regarding payment of his counsel fees in connection with a federal criminal case. By order of April 25, 2003, defendant was directed to provide fully responsive answers to plaintiff's supplemental interrogatories. A companion order entered that same date set forth a further discovery schedule, including provisions for depositions and expert reports.
On September 16, 2003, defendant filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court, District of New Jersey.[1] After the bankruptcy petition was filed and while the automatic bankruptcy stay under 11 U.S.C.A. § 362(a) was in effect, plaintiff moved for sanctions against defendant for his failure to provide discovery. An order was entered on October 27, 2003, while the stay was still in effect, granting the motion, holding defendant in violation of litigant's rights, and suppressing his answer without prejudice in accordance with Rule 4:23-5(a)(1). In addition, on October 27, 2003, defense counsel's motion to be relieved as counsel was granted because he was named as a creditor in defendant's bankruptcy petition.
Plaintiff did not file a motion in the bankruptcy court to lift the stay imposed by 11 U.S.C.A. § 362(a) until June 2004. That motion was granted, and the stay was lifted on August 6, 2004. No retroactive relief from the stay was granted pursuant to 11 U.S.C.A. § 362(d). Thus, the stay had been in effect from September 16, 2003, until August 6, 2004. During that time, on October 27, 2003, defendant's answers and defenses had been suppressed without prejudice, and his attorney had been relieved as counsel.
After the stay was lifted, defendant, having retained new counsel, provided answers to plaintiff's supplemental interrogatories on August 18, 2004. Nonetheless, on August 31, 2004, plaintiff moved for entry of default and the scheduling of a default judgment hearing. Defendant cross-moved to reinstate his answer pursuant to Rule 4:23-5(a)(1). Finding that defendant still had not complied with all court-ordered discovery, the court suppressed defendant's answer with prejudice and entered a default on September 24, 2004.
A default hearing was held on October 26 and 27, 2004. While defendant had moved for reconsideration before the default hearing, that motion was not heard until after the default hearing was held. The motion for reconsideration was denied on November 5, 2004.
On January 10, 2005, the trial court issued a comprehensive written decision and entered a judgment of divorce, dissolving the marriage, distributing the marital assets, establishing custody and parenting time, fixing child support payments, setting forth plaintiff's waiver of alimony, and awarding plaintiff approximately $120,000 for attorney fees and costs. The marital assets distributed included the marital home, the family business, investment accounts, individual retirement accounts, and life insurance.
In this appeal, defendant maintains that the trial court erred in dismissing defendant's answer while the bankruptcy *976 stay was in effect, in allowing defense attorney to be relieved of counsel on that same day, in failing to grant defendant's application to vacate the dismissal, in failing to grant defendant's application for reconsideration, and in awarding plaintiff counsel fees and costs. In addition, defendant makes substantive objections to the equitable distribution of the marital assets. We need not reach these substantive issues regarding the division of the marital assets because the equitable distribution provisions of the judgment of divorce and the award of counsel fees and costs must be set aside due to defects in the procedure followed by the trial court and plaintiff here.

II.
The bankruptcy statute provides that the filing of a bankruptcy petition acts as a stay of the "commencement or continuation" of a judicial proceeding against the debtor. 11 U.S.C.A. § 362(a). The stay that comes into effect upon filing a bankruptcy petition has been described as "an instrument of sweeping breadth and tremendous power." Henry J. Sommer et al., Collier Family Law and the Bankruptcy Code ¶ 5.03[1] (Alan N. Resnick & Henry J. Sommer eds., 2007). It is one of the fundamental protections of the bankruptcy law. Ibid. The stay serves two purposes: it provides the debtor with "breathing space" from the demands of creditors so that the debtor can put together a repayment or reorganization plan, and it promotes the goal of equality among creditors, by protecting the debtor's assets from a levying creditor who would otherwise obtain payment to the detriment of other creditors. Constitution Bank v. Tubbs, supra, 68 F.3d at 691; 3 Collier on Bankruptcy ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). With the stay, the bankruptcy court maintains "control over virtually all aspects of the debtor's financial affairs in a single proceeding, with other parties or courts permitted to interfere only as the bankruptcy court allows." Collier Family Law and the Bankruptcy Code, supra, ¶ 5.03[1].
The stay is automatic, in that it immediately goes into effect once the bankruptcy petition is filed. 11 U.S.C.A. § 362(a); Constitution Bank v. Tubbs, supra, 68 F.3d at 691; 3 Collier on Bankruptcy, supra, ¶ 362.02. The stay binds parties even if they are unaware of the bankruptcy filing. Constitution Bank v. Tubbs, supra, 68 F.3d at 691. Anyone who knowingly violates the stay may be held in contempt of court. 3 Collier on Bankruptcy, supra, ¶ 362.11[2]. A person who has acted contrary to the stay "has a duty to undo actions taken in violation of the automatic stay." Ibid. One seeking to proceed against the debtor may apply to the bankruptcy court for relief from the stay. 11 U.S.C.A. § 362(d). Absent such relief, the stay remains in full effect until the bankruptcy case is concluded or is otherwise terminated in accordance with statutory provisions not applicable here. 11 U.S.C.A. § 362(c).
The bankruptcy law provides certain exceptions from the stay in family cases. The statute in effect at the time of the events in this case provided that a bankruptcy petition does not operate as a stay:
(A) of the commencement or continuation of an action or proceeding for
(i) the establishment of paternity; or
(ii) the establishment or modification of an order for alimony, maintenance, or support . . .
(B) of the collection of alimony, maintenance, or support from property that is not property of the estate.
[11 U.S.C.A. § 362(b)(2) (2003), amended by 11 U.S.C.A. § 362(b) (2005).]
*977 In 2005, amendments to the bankruptcy code expanded and clarified the exceptions from the stay in family cases. The statute currently provides that a bankruptcy petition does not operate as a stay:
(A) of the commencement or continuation of a civil action or proceeding
(i) for the establishment of paternity;
(ii) for the establishment or modification of an order for domestic support obligations;
(iii) concerning child custody or visitation;
(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
(v) regarding domestic violence;
(B) of the collection of a domestic support obligation from property that is not property of the estate;
(C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.
[11 U.S.C.A. § 362(b)(2).]
The 2005 amendments make clear that equitable distribution issues are stayed although dissolution of the marriage and custody issues are not. Ibid. The statute in effect at the time of the events in this case was also interpreted as staying the equitable distribution issues, but not dissolution of the marriage and custody issues. In re Becker, 136 B.R. 113, 115-16 (Bankr. D.N.J.1992); Frankel v. Frankel, 274 N.J.Super. 585, 590-91, 644 A.2d 1132 (App.Div.1994) (recognizing that financial issues were stayed, but the dissolution of the marriage was not). But see Collier Family Law and the Bankruptcy Code, supra, ¶ 5.03[2][b] (stating that before the 2005 amendments, most courts found that all issues in a pending divorce action were stayed including dissolution of the marriage and custody issues).
Once defendant filed his bankruptcy petition on September 16, 2003, the stay under 11 U.S.C.A. § 362 immediately went into effect, and this case was subject to the stay. That stay was still in effect on October 27, 2003, when defendant's answer was dismissed without prejudice for failure to provide discovery. To the extent that order effected the equitable distribution claims, it violated the stay.
Plaintiff argues that the stay was not violated because the default judgment of divorce was entered after the stay was lifted. This argument runs contrary to the purpose of the stay which is to give the debtor breathing room to put a plan together, free from the necessity of defending himself from the pursuit of creditors. 3 Collier on Bankruptcy, supra, ¶ 362.03. As a result, the statute prohibits the "continuation" of litigation subject to the stay. 11 U.S.C.A. § 362(a)(1). The automatic stay is of "broad scope." Constitution Bank v. Tubbs, supra, 68 F.3d at 691. Once the stay is in place, no judicial action material to the stayed claim against the debtor is valid, and the authority of a court to continue the stayed judicial proceeding against the debtor is suspended. Id. at 691-92.
Specifically, while the stay is in effect, a debtor has no obligation to answer interrogatories in a pending state court action subject to the stay. In re Rhoten Constr. Co., 22 B.R. 335, 336 (Bankr. M.D.Tenn.1982). The court in Rhoten found that the stay was violated when a litigant in a state court action brought contempt proceedings against the debtor for failure to answer interrogatories. Ibid. Even the filing of a motion is void ab initio *978 if filed during the stay. Constitution Bank v. Tubbs, supra, 68 F.3d at 692. Thus, plaintiff's motion to suppress defendant's answer for failure to provide discovery and the order granting that motion violated the stay.
An order entered in violation of the stay is void. Collier Family Law and the Bankruptcy Code, supra, ¶ 5.05[1]; Bascom Corp. v. Chase Manhattan Bank, 363 N.J.Super. 334, 341, 832 A.2d 956 (App. Div.2003) ("A state court judgment entered while the automatic stay is in place renders that judgment void ab initio."), certif. denied, 178 N.J. 453, 841 A.2d 91, cert. denied, 542 U.S. 938, 124 S.Ct. 2911, 159 L.Ed.2d 813 (2004).[2]
Since the order in the present case suppressing defendant's answer without prejudice was void with respect to the equitable distribution claims, we must determine what effect this has on the default judgment of divorce entered after the stay was lifted. The fact that the state court's interlocutory order entered during the stay is void does not necessarily mean that the judgment entered after the stay was lifted is also void. Bascom Corp. v. Chase Manhattan Bank, supra, 363 N.J.Super. at 342, 832 A.2d 956 (although the order entered while the stay was in effect that fixed the right of redemption was void, state law determined whether the final judgment of foreclosure, entered after the stay was lifted, was also void). We must turn to state law to determine what effect the void order suppressing defendant's answer has on the entry of the default judgment of divorce.
The answer is clear. Since the suppression of defendant's answer without prejudice was void with respect to the equitable distribution claims, the foundation for the suppression with prejudice, default and default judgment regarding those claims falls. The court rules apply to the situation in this way. The suppression of defendant's answer during the stay was the first step of the two-step process under Rule 4:23-5(a). That rule provides for dismissal or suppression of a pleading without prejudice and then, if the pleading is not reinstated, upon further application, the pleading may be dismissed or suppressed with prejudice. R. 4:23-5(a). Here, the first step in the process, namely, the dismissal without prejudice, occurred during the stay and was void. As a result, the second step, namely, the suppression of the pleading with prejudice, could not properly be reached. Since defendant's answer was still effective, a default could not be properly entered against him under Rule 4:43-1. Entry of default is a necessary predicate to a default judgment. R. 4:43-2. As a result, the provisions in the default judgment of divorce equitably distributing the marital assets in the present case are void.

III.
Defendant also seeks to assert his claim for alimony. The bankruptcy statute *979 in effect at the time of these events and the current statute both except alimony awards from the stay, although collection is limited to assets not part of the bankrupt estate. 11 U.S.C.A. § 362(b)(2) (2003), amended by 11 U.S.C.A. § 362(b) (2005). From the point of view of bankruptcy law, a state matrimonial case could proceed on the alimony claim while the stay was in place. Hence, the suppression of defendant's answer regarding his claim for alimony was not void under bankruptcy law.
Defendant's alimony claim could not proceed to permanent resolution under New Jersey law, however, while the stay on the equitable distribution issues was in place. New Jersey law recognizes the interplay of equitable distribution and alimony awards. Brown v. Brown, 348 N.J.Super. 466, 475, 792 A.2d 463 (App.Div.), certif. denied, 174 N.J. 193, 803 A.2d 1164 (2002). When fixing final alimony awards, the equitable distribution of property must be considered. N.J.S.A. 2A:34-23(b)(10). Thus, a final decision on alimony cannot be made independently of the equitable distribution award. As a result, when faced with a bankruptcy stay, a trial court is unable to make a final decision on alimony claims, and hence final resolution of those claims must also be stayed. Further, New Jersey's policy against bifurcation of issues in divorce cases is a further impediment to final resolution of support issues when a bankruptcy stay is in place. See R. 5:7-8; cf. Frankel v. Frankel, supra, 274 N.J.Super. at 591-92, 644 A.2d 1132 (finding that "unusual and extenuating circumstances" allowed bifurcation where a bankruptcy stay was in effect and the parties had resolved all financial issues by agreement). The trial court may, of course, resolve issues of temporary alimony during the stay when necessary and to the extent permitted by federal law. See 11 U.S.C.A. § 362(b).
For these reasons, the trial court should not have suppressed defendant's alimony claim, and that claim is still outstanding. We express no opinion as to whether this claim has merit, but merely hold that the Rule 4:23-5 procedure attempted here did not operate to bar any such claim.

IV.
Defendant also appeals from the award to plaintiff of $120,000 in attorney fees and costs. One factor a court must consider when fixing a counsel fee award is the financial circumstances of the parties. R. 5:3-5(c)(1). In particular, the equitable distribution of marital assets should be considered. Shaffer v. Shaffer, 154 N.J.Super. 491, 495, 381 A.2d 1221 (App.Div.1977). New Jersey law recognizes the "interrelationship of equitable distribution, alimony, child support, and fee awards." Brown v. Brown, supra, 348 N.J.Super. at 475, 792 A.2d 463. As a result, since the financial issues of equitable distribution and alimony are still unresolved, the award of attorney fees and costs must be set aside as premature.[3]
*980 The application for counsel fees may be renewed at the conclusion of the proceedings below. Regarding such an application, we note that the court rule also requires that the court consider "any other factor bearing on the fairness of an award" of attorney fees and costs. R. 5:3-5(c)(9). As noted above, we have set aside the provisions in the default judgment of divorce providing for equitable distribution and attorney fees and costs because those provisions were the result of plaintiff's application to suppress defendant's pleadings in violation of the bankruptcy stay. Accordingly, defendant cannot fairly be held responsible for attorney fees incurred by plaintiff in obtaining the awards of equitable distribution and attorney fees and costs set forth in the default judgment of divorce, from the time of the automatic stay until the remand from this appeal.
Defendant also contends that the trial court violated the automatic stay when it relieved his attorney as counsel while the stay was in effect. Since defendant is now represented by new counsel in this litigation, this issue is now moot.
Although the provisions in the final judgment of divorce regarding child support have not been appealed, we recognize that due to the interplay between child support with the other financial issues in a divorce case, the child support provisions may have to be adjusted on remand. See N.J.S.A. 2A:34-23(a)(3) (providing that the income and assets of the parents is one factor to be considered when fixing child support); Brown v. Brown, supra, 348 N.J.Super. at 475, 792 A.2d 463 (recognizing the interrelationship of child support and other financial issues).

V.
In summary, the provisions in the default judgment of divorce dealing with equitable distribution and attorney fees and costs are reversed and remanded. Defendant's claim for alimony is also still outstanding and is remanded for resolution. On remand, with respect to these issues, the case resumes procedurally from where it stood when the bankruptcy petition was filed on September 16, 2003, except that since that time, defendant has provided answers to the supplemental interrogatories. On remand, the discovery still required of defendant should be clarified, and if it is not forthcoming, then plaintiff may resort to Rule 4:23-5. However, in that process, it must be remembered that the main purpose of Rule 4:23-5 is to compel discovery, not to dismiss pleadings. Pressler, Current N.J. Court Rules, comment 1.1 on R. 4:23-5 (2008).
Reversed and remanded in part.
NOTES
[1] Eventually, defendant attempted to convert his Chapter 13 bankruptcy into a Chapter 11 bankruptcy. When that application failed, he filed a Chapter 11 bankruptcy on February 10, 2004, and the Chapter 13 bankruptcy was dismissed on March 9, 2004. The stay remained in effect uninterrupted under both the Chapter 13 and the Chapter 11 filings.
[2] While a few of the federal circuits maintain that court actions taken in violation of the stay are voidable, the vast majority of the circuits hold that an order entered in violation of the stay is void ab initio. In re Vierkant, 240 B.R. 317, 321-23 (B.A.P. 8th Cir. 1999); 3 Collier on Bankruptcy, supra, ¶ 362.11[1]. The Third Circuit, as well as New Jersey courts, treat all judicial actions against the debtor as void ab initio, unless the court later grants retroactive relief under 11 U.S.C.A. § 362(d). Constitution Bank v. Tubbs, supra, 68 F.3d at 692; Bascom Corp. v. Chase Manhattan Bank, supra, 363 N.J.Super. at 341, 832 A.2d 956. Viewing actions in violation of the stay as void ab initio, rather than voidable, is considered the better view. 3 Collier on Bankruptcy, supra, ¶ 362.11[1]. If actions in violation of the stay are considered merely voidable, creditors would be encouraged to violate the stay, and the debtor would have to police and litigate violations of the stay. In re Vierkant, supra, 240 B.R. at 323-25.
[3] We note the somewhat contrary result in DiGiacomo v. DiGiacomo, 256 N.J.Super. 404, 607 A.2d 186 (App.Div.1992). In that case, the final judgment of divorce was entered despite a bankruptcy stay, and as a result, the equitable distribution award was vacated by this court. Id. at 407-08, 411-12, 607 A.2d 186. Nonetheless, the award of attorneys fees was allowed to stand, since it did not violate bankruptcy principles. Id. at 409-11, 607 A.2d 186. However, unlike the record in the case before us, in DiGiacomo the award of attorneys fees was found to be justified by the facts in the record, and there were no outstanding equitable distribution or other financial issues to be resolved on remand by the trial court. Id. at 410-11, 413, 607 A.2d 186.