**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3869-18T1

BAY HARBOR PLAZA, LLC,

     Plaintiff-Respondent,

v.

SHAILI MANAGEMENT
CORPORATION and
BHUPEN PATEL,

     Defendants-Appellants.

_____

Submitted July 14, 2020 – Decided July 27, 2020

Before Judges Sabatino and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2449-17.

Howard R. Rabin, attorney for appellants.

Genova Burns LLC, attorneys for respondents (Michael C. McQueeny and Gerard D. Pizzillo, of counsel and on the brief).

PER CURIAM

Defendants, Bhupen Patel and his company Shaili Management Corp. ("Shaili"), appeal the trial court's March 29, 2019 order confirming a monetary award an arbitrator issued against them jointly and severally. The award resulted from a courthouse arbitration conducted pursuant to Rule 4:21A-6, at which defendants and their counsel failed to timely appear.

As we will explain in more detail, defense counsel unsuccessfully submitted an after-hours, last-minute request to adjourn the arbitration the night before it was scheduled. In addition, defense counsel did not go immediately to the courthouse when he was notified the following morning that the adjournment request had been denied, but instead delayed his departure from his office in order to attend to another client. Moreover, defendants failed after their non-appearance to move for relief from the arbitrator's award within the twenty-day deadline prescribed by Rule 4:21A-4(f).

Given these and other missteps by the defense, the trial court rejected the request to set aside the award, which the arbitrator had entered after duly considering plaintiff's unopposed evidence.

Defendants now appeal, arguing that the trial court misapplied its authority. Among other things, they contend the court should have adjourned the arbitration because Shaili had filed a Chapter 7 bankruptcy petition a few

days before the arbitration and therefore was protected by an automatic stay. In addition, defendants argue they established good cause for setting aside the award under the circumstances presented. They note that plaintiff's counsel had not opposed the adjournment request, had similarly presumed the request would be granted, and likewise arrived late to the courthouse that day after being notified the adjournment had been denied.

For the reasons that follow, we are compelled to vacate the judgment as against Shaili because of the legal effect of the automatic bankruptcy stay imposed by federal law under 11 U.S.C. § 362(a). The stay, which is fully documented in the record and uncontroverted, clearly voids this monetary liability against that debtor, absent relief from the stay issued by the bankruptcy court. However, we affirm the trial court's order with respect to co-defendant Patel, who is not covered by the bankruptcy stay. The trial court reasonably enforced the Rules of Court governing arbitrations, and it did not abuse its discretion in declining to set aside the award as against Patel.

I.

The parties' underlying dispute concerns payments due to a landlord under a commercial lease. In April 2014, plaintiff, Bay Harbor Plaza, LLC ("Bay Harbor") entered into a ten-year lease agreement with Shaili. The lease

agreement contemplated that Shaili would operate a fast food restaurant at the premises in Brick Township. Patel, a principal of Shaili, signed the lease and personally guaranteed payment of the rent due. As it turned out, various building permits needed for the restaurant were not obtained by defendants, and they did not take occupancy of the premises or pay rent to Bay Harbor.

Consequently, Bay Harbor filed suit against Shaili and Patel in the Law Division, seeking amounts it claimed were due under the lease. Represented by a common attorney, Shaili and Patel filed an answer denying liability and asserting, among other things, that the lease was unenforceable.

The Discovery End Date ("DED") in the case expired on November 13, 2018. None of the parties moved to extend discovery, although the docket entries do reflect that defendants' answer was stricken by the court because of their failure to provide discovery.

Once the DED had passed, the case was assigned to court-annexed mandatory arbitration as a commercial matter pursuant to Rule 4:21A-1(a)(3). On November 13, 2018, the court duly notified the parties of the arbitration date, which was scheduled for about two months later on January 24, 2019.

The matter was to be heard by a single arbitrator, who would be paid for his time by the court under the terms of the arbitration program. As is

customary, the arbitrator was scheduled to hear several cases that day at the courthouse. Although plaintiff supplied in advance of the arbitration (albeit not within the ten days called for under Rule 4:21A-4(a)) its statement of issues and supporting documents, defendants apparently did not reciprocally provide their own arbitration package to plaintiff.

On January 17, seven days before the scheduled arbitration, defense counsel[1] filed on behalf of Shaili a Chapter 7 bankruptcy petition in the District of New Jersey. The associated bankruptcy filings listed Bay Harbor as a creditor. No bankruptcy petition was filed on behalf of Patel individually.

Defense counsel then contacted plaintiff's counsel to seek his consent to adjourn the pending arbitration. Although the parties disagree over whether plaintiff's counsel affirmatively consented unconditionally to the adjournment, the record shows that he lodged no objection to the request.

At 4:39 p.m. on January 23, after the court's closing time, defense counsel electronically filed a letter with the court requesting an adjournment of the arbitration the following morning. The letter read as follows:

Dear Sir/Madam:

---

[1] The same attorney who has been representing defendants in this litigation filed the bankruptcy documents.

5                                    A-3869-18T1

This office represents Defendants Shaili Management and Bhupen Patel, in the above-captioned matter. This matter is scheduled for Arbitration on January 24, 2019, at 9:30am.

This office has requested, and Plaintiffs' counsel consent, to the adjournment of this Arbitration to a future date at the Court's convenience. This is our first request for an adjournment. The parties have exchanged substantial discovery but request additional time to complete factual discovery and settle or otherwise dispose of the matter. Shaili Management has filed for Bankruptcy protection and that portion of the case may be stayed by Judge[.]

Please contact me at [phone number deleted] if an appearance is required. Thank you.

One minute later, at 4:40 p.m., defense counsel sent an e-mail confirmation to plaintiff's counsel that simply read "thank you." Later that evening, at 5:48 p.m., plaintiff's counsel responded to defense counsel with an e-mail saying, "Thanks . . . I will be available tomorrow if the Court would like to speak. Please let me know. Thanks."

When the after-hours letter was reviewed by the court the following morning, the court staff reached out to both counsel and advised each of them

that the adjournment request had been denied.[2]  At 10:53 a.m. on the day of the scheduled arbitration, defense counsel e-mailed plaintiff's counsel from his cell phone the following: "Are you in court? I got the message the adjournment request is denied."  Within a minute, plaintiff's attorney replied by e-mail, "I'm on my way there I got the same message."

Despite this urgent situation, defense counsel did not leave immediately for the courthouse.  Over an hour later, at 12:14 p.m., he e-mailed plaintiff's attorney, "I am in my office waiting for a client.[3]  I can be there around 3pm [sic]. Sorry, I don't understand how we can go forward with the Bankruptcy pending."  There is no indication that defense counsel contacted the court or the arbitrator to seek permission to arrive as late as 3:00 p.m.

---

[2]  The record does not indicate whether the staff notified counsel by telephone, or some other means.  In any event, it is undisputed that the denial was communicated to them that morning and that they received it.

[3]  The generic syntax of the term "a client" reasonably suggests the client was one that defense counsel was representing in a different matter.  In addition, defense counsel did not dispute the motion judge's observation at oral argument that he had "made a decision between two clients which one you were going to provide your services to, the one that was meeting you that day or the one that had to be in court."  Plaintiff's counsel never certified or explained to the judge why he chose to remain in the office, or what attempts he or his staff made to reach the client and advise he was needed immediately in court.

Meanwhile, plaintiff's counsel arrived at the courthouse, having left "immediately" from his own office in a different county to get there. Upon his arrival, he apologized to the court staff and the arbitrator for being late. As plaintiff's counsel represented on the record to the motion judge, he then:

> advised the court staff what the situation was. I was the last one before—in the—in the hallway before the arbitrations were closed for the day. I explained to the arbitrator what had happened, I still hadn't heard from [defense counsel] at that point what his availability was, whether he was coming, whether he was not coming. The arbitrator and I had the conversation. I had my proofs with me. And he decided to move forward. We moved forward. I put my proofs before him and he entered and issued the arbitration award. The next time I heard from [defense counsel] was when I was back in my office at 1:15 [p.m.] or whatever it was.

The arbitrator considered plaintiff's proofs, and then issued, in a one-page form decision, a monetary award in plaintiff's favor against both defendants Shaili and Patel, "jointly and severally."

When he got back to his office, plaintiff's attorney sent the following e-mail to defense counsel at 1:32 p.m.:

> No need to be there[.] I was the last one there, they called the Case and issued an award. I am enclosing it herewith. I am not sure how either but without the issuance of any Order from this Court I don't [think] it is automatically stayed.

Defense counsel eventually arrived at the courthouse at around 2:00 p.m., as reflected by a parking lot receipt stamped 1:58 p.m. By that point all arbitrations had concluded, and plaintiff's attorney was already back in his office. Upon discovering he was too late, defense counsel drove away at 2:18 p.m. Before he did so, he sent the following e-mail to plaintiff's attorney at 2:12 p.m.:

> I wish you would have called me. I am here in Morristown. De novo.[4]

On February 11, defense counsel tendered to the clerk's office a request for a trial de novo, accompanied by a filing fee. Two days later, on February 13, the clerk's office notified defense counsel that the de novo request was improper because defendants had not appeared for the arbitration. Defense counsel took no further action at that point.

Then, on March 7, plaintiff timely moved to confirm the arbitration award, which had been issued forty-two days earlier. See R. 4:21A-6(b)(3) (allowing a party fifty days to move to confirm an arbitration award and enter judgment thereon). Defendants filed opposition, explaining to the trial court what had

---

[4] The "de novo" reference signifies an intent for defense counsel to request a trial de novo and set aside the arbitration award. As we shall discuss, defendants had no right under the Court Rules to file such a de novo request, due to their non-appearance at the arbitration hearing.

A-3869-18T1

occurred and also supplying the court with bankruptcy documents substantiating the automatic stay in favor of Shaili that had been entered before the arbitration took place.

After a lengthy oral argument quizzing both counsel about the circumstances, the motion judge granted plaintiff's motion to confirm the arbitration award and rejected defendants' arguments to set it aside.

Among other things, the judge found in her oral opinion that defendants had not complied with the Rules of Court in several respects. She noted Rule 4:21A-4(f) expressly disallows de novo filings by a party that fails to appear for a court-ordered arbitration. The judge further noted that defendants had failed to move for relief under subsection (f) within twenty days of the date of service of the award.

The judge noted that defendants' assertion of a need to conduct more discovery before the arbitration was unavailing because the DED had passed and no motion had been made seeking to extend the discovery period. See R. 4:24-1(c) (prescribing the standards for discovery extensions). The judge also admonished defendants for belatedly submitting an adjournment request after-hours on the brink of the arbitration. And, as we have already mentioned, the judge observed that defense counsel chose to remain in his office awaiting

10

another client, despite being notified by the court that morning the adjournment had been denied.

The judge also noted that the "rules on trial de novos are strictly enforced." She observed that defendants, although their flawed de novo demand had been rejected, could have filed a timely motion for relief under Rule 4:21A-4(f), but did not do so.

The judge chose not to make any findings as to whether both attorneys had actually agreed to having the arbitration adjourned. The judge stressed that, in any event, it was not up to the attorneys to control the court's calendar or that of the arbitrator. The judge accepted the representation of plaintiff's counsel that he told the arbitrator about the situation upon his arrival. She also noted the absence of any "independent communication between [defense counsel] and the court on those details," and that defense counsel "instead chose to rely on opposing counsel." The judge further observed that the arbitrator and the court "did what [they could]" to "accommodate" the situation, and that they were not obligated to "just wait until you [defense counsel] perhaps show up."

With respect to the bankruptcy stay imposed as to Shaili, the judge criticized defendants' failure to notify the court sooner and to provide supporting documentation of the stay along with the adjournment request. That said, the

judge acknowledged that the award might be "void or voidable" due to the bankruptcy, and that "is something I'm sure the parties will have to address."

This appeal ensued. Defendants principally argue the bankruptcy stay renders the arbitration award a nullity, and that the arbitration hearing should not have gone forward while one of the co-defendants was protected by the stay. They further argue the case should have been allowed to be tried on its merits, despite counsel's actions and inactions, and the judgment should be vacated on the grounds of excusable neglect under Rule 4:50-1(a).

Alternatively, defendants contend the court should have exercised its discretion to impose a less drastic remedy, such as requiring them to bear the costs of the arbitrator's time.

Lastly, defendants contend the amount of the damages awarded by the arbitrator were unjustified, and that the court should have conducted a proof hearing to evaluate the evidence of damages in this default situation.

## II.

Our analysis of this appeal does not require very extensive discussion.

To begin with, we are cognizant of our general preference to have contested matters decided on their merits rather than based on procedural deficiencies. See Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y.,

12

58 N.J. 98, 107-08 (1971) (citations omitted). However, we are equally cognizant of the importance of adherence to court rules that strive to adjudicate cases in an efficient and consistent manner. Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 91 (App. Div. 2007) (noting an objective of the court rules is to make litigation "expeditious and efficient").

Those civil rules include those governing the arbitration program, which is an important undertaking of the bench and bar that resolves thousands of pending civil cases annually. See Hartsfield v. Fantini, 149 N.J. 611, 616 (1997) (recognizing the policy objectives underlying mandatory court-annexed arbitration seeking to "preserve judicial resources and improve efficiency"). As the motion judge rightly emphasized, the arbitration program depends on the cooperative efforts of professionals who serve as arbitrators as well as the judiciary staff, lawyers, and litigants. The deadlines established in the program are generally to be "strictly enforced." Id. at 616.

We review the motion judge's disposition of this matter through a deferential prism of appellate review, subject to federal bankruptcy law mandates that we will discuss, infra. On appeal, we ordinarily defer to the civil trial court's handing of pretrial matters and application of the civil rules "unless the court has abused its discretion or its determination is based on a mistaken

understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005) (citing Payton N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)). The abuse-of-discretion standard is violated "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Having considered the circumstances here, we conclude the motion judge acted fairly in enforcing the rules and in declining to set aside the arbitration award. Although we need not comment on all aspects of the case, a few subjects merit discussion.

For starters, it was discourteous and inappropriate for counsel to make an after-hours request to adjourn the arbitration and to presume that eleventh-hour request would be granted the following morning. As Judge Pressler once observed, "Calendars must be controlled by the court, not unilaterally by [counsel]." Vargas v. Camilo, 354 N.J. Super. 422, 431 (App. Div. 2002). The motion judge properly noted that court staff cannot be expected to attend to after-hours requests throughout the night, despite counsel's use of electronic

14

filing systems such as "eCourts." If lawyers submit filings for the court's attention after the close of business, they act at their peril.

We further point out that the bankruptcy stay only covered Shaili. As we will discuss, infra, the stay did not automatically extend to Patel, and no motion was filed in the bankruptcy court to expand the stay to include him. Moreover, there is nothing in the record to show why Patel could not have appeared personally and provided testimony or other responsive evidence to the arbitrator.

We further concur with the motion judge that counsel should have supplied the court with proof of the bankruptcy stay along with its adjournment request. In many instances, bankruptcy cases are dismissed or the terms of an initial automatic stay have been modified. The state court cannot be expected to have constructive awareness of what appears on the federal bankruptcy docket.

In addition, we agree with the trial court that a claim of incomplete discovery, particularly without a pending motion to extend the DED, does not require an arbitration to be adjourned. That is clearly a matter within the trial court's discretion, and it was not misapplied here.

We need not say much about the communications and conduct of the respective counsel on the day of the arbitration, and instead defer to the motion

judge's extensive consideration of the sequence of events. We do note that we are particularly troubled that defense counsel did not leave his office immediately after being notified by the court that the adjournment was denied and instead chose to give priority to another client. We are also troubled that defense counsel evidently did not communicate directly with the court staff to explain his tardiness and update them as to his availability.[5] As the judge rightly found, it was unreasonable for counsel to expect the arbitrator and his adversary to wait around as late as 3:00 p.m. to begin the proceeding.

In hindsight, it would have been preferable for a phone call to have been placed to defense counsel or his office from the courthouse by either staff or plaintiff's attorney, asking him to update his whereabouts before the arbitration went forward. Even so, such a call may well have been futile because defense counsel apparently lingered in his office before leaving and did not arrive at the courthouse until 2:00 p.m. The arbitrator had the discretion expressly provided by Rule 4:21A-4(f) to proceed in defendants' absence.

---

[5] We need not speculate whether the meeting with the client who was apparently given priority attention was scheduled before or after defendant's counsel first applied, after regular court hours, for an adjournment on the eve of the scheduled arbitration hearing. In either event, it was presumptuous for counsel to schedule a meeting with another client, and inappropriate to proceed with that meeting, without confirming that the adjournment request had been granted.

16

The motion judge properly applied Rule 4:21A-4(f) in her reasoning. That rule is very straightforward on how to address situations of non-appearance at a court-ordered arbitration:

> (f) Failure to Appear. An appearance on behalf of each party is <u>required</u> at the arbitration hearing. If the party claiming damages does not appear, that party's pleading shall be dismissed. <u>If a party defending against a claim of damages does not appear, that party's pleading shall be stricken, the arbitration shall proceed and the non-appearing party shall be deemed to have waived the right to demand a trial de novo</u>. A party obtaining the arbitration award against the non-appearing party shall serve a copy of the arbitration award within 10 days of receipt of the arbitration award from the court pursuant to <u>R.</u> 4:21A-5. Service shall be upon counsel of record, or, if not represented, upon such non-appearing party. Service shall be made as set forth in <u>R.</u> 4:21A-9(c). <u>Relief from any order entered pursuant to this rule shall be granted only on motion showing good cause, which motion shall be filed within 20 days of the date of service on the non-appearing party by the appearing party. Relief shall be on such terms as the court may deem appropriate, including litigation expenses and attorney's fees incurred for services directly related to the non-appearance</u>.
>
> [R. 4:21A-4(f)(emphasis added).]

The Rule makes abundantly clear that a party who fails to appear for a court-ordered arbitration "shall be deemed to have waived the right to demand a trial de novo." <u>Ibid.</u> The only recourse is for the non-appearing party to file a motion for relief under subsection (f) "within 20 days of the date of service [of

the award] upon [that] non-appearing party." Ibid.  That relief, if timely sought, can only be granted by the court upon a showing of "good cause."  Ibid.

Here, the arbitration award was served on defense counsel by plaintiff's attorney by email on January 24.  Defendants therefore had twenty days, until February 13, to move for relief under Rule 4:21A-4(f).  They never filed such a motion and instead waited until plaintiff moved to confirm the arbitration award before taking any action.  Even then, defendants did not file a cross-motion seeking relief under subsection (f). The judge did not misapply her authority in enforcing the deadlines mandated by the Rules.

We uphold the judge's assessment that defendants failed to demonstrate grounds to set aside the award.  We incorporate by reference and adopt her oral decision in this regard.  For similar reasons, we reject defendants' plea to vacate the judgment on grounds of alleged excusable neglect under Rule 4:50-1(a).

We are unpersuaded by defendants' argument that the judge was obligated to impose less severe consequences short of confirming the award, such as the shifting of litigation expenses and counsel fees stemming from the non-appearance as authorized under Rule 4:21A-4(f).  The judge considered a proposal by defense counsel during the oral argument to pay the arbitrator's costs (but not mentioning those of his adversary), and evidently concluded that the

18                                                                              A-3869-18T1

circumstances did not call for such lesser measures. We decline to second-guess the judge's ultimate determination, once again bearing in mind that defendants never even moved for relief under subsection (f).

There was no need for a proof hearing, since the damages in this case were not unliquidated, and the arbitrator had the opportunity to consider the exhibits provided by plaintiff in its written submission and presentation. Conversely, defendants did not tender a written arbitration statement required under the Rules. The court did not misapply its authority to confirm the award without further ado.[6]

In sum, the motion judge enforced the law and did not abuse her discretion in confirming the arbitration award. This is not a simple instance of an attorney arriving late to court, but a scenario unfortunately involving multiple failures to abide by the rules.

## III.

Turning now to the bankruptcy implications, we are constrained by federal law to vacate the judgment as against Shaili. The automatic stay renders the judgment voidable as to Shaili, regardless of whether the state court had

---

[6] That said, we offer no commentary about defendants' contention that the lease was terminated before it commenced and that the calculated damages were excessive.

sufficient documentation of it at the time. As we noted in <u>Clark v. Pomponio</u>, 397 N.J. Super. 630, 638 (App. Div. 2008), "[t]he stay is automatic, in that it immediately goes into effect once the bankruptcy petition is filed." (citing 11 U.S.C. § 362(a); <u>Constitution Bank v. Tubbs</u>, 68 F.3d 685, 691 (3d Cir. 1995); Henry J. Sommer et al., <u>Collier Family Law and the Bankruptcy Code</u>, ¶ 362.02 (Alan N. Resnick & Henry J. Sommer eds., 2007)). "The stay binds parties even if they are unaware of the bankruptcy filing." <u>Ibid.</u> (citing <u>Tubbs</u>, 68 F.3d at 691).

By contrast, the automatic stay does not extend to the judgment against Patel individually, unless the bankruptcy court says otherwise. See <u>Minelli v. Harrah's Resort Atlantic City</u>, __ N.J. Super. __, __ (App. Div. 2020) (recognizing that the automatic stay of Section 362(a)(1) is "generally limited to the debtor," although "a bankruptcy court may extend the stay under that section to 'non-bankrupt co-defendants'") (citing <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. 1986)). In fact, defense counsel was evidently aware that Patel would not be covered by the automatic stay, as he noted in his January 23 adjournment letter that Shaili had applied for bankruptcy protection "and <u>that portion of the case</u> may be stayed by [the] Judge[.]" (emphasis added).

All other points raised on appeal lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

The final judgment is affirmed as to defendant Patel, and is vacated as to defendant Shaili.  The trial court shall issue a modified final order within twenty days consistent with our disposition.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3869-18T1