**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2167-22

KHONGSANA
SOUMPHONPHAKDY,

     Plaintiff-Appellant,

v.

MARY J. WALILKO,

     Defendant-Respondent,

and

GEICO INSURANCE
COMPANY,

     Defendant.

_____

          Argued January 30, 2024 – Decided February 15, 2024

          Before Judges Mayer and Paganelli.

          On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1898-18.

          Khongsana Soumphonphakdy, appellant, argued the cause pro se.

Matthew Rachmiel argued the cause for respondent Mary J. Walilko (Goetz Schenker Blee & Wiederhorn, attorneys; Matthew Rachmiel, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from a February 24, 2023 order sua sponte dismissing his complaint with prejudice under Rule 4:23-5(a)(2).  Because the motion judge mistakenly dismissed plaintiff's complaint with prejudice without following the procedural safeguards under Rule 4:23-5, we reverse.

In September 2018, plaintiff filed a pro se personal injury complaint against defendant Mary J. Walilko and defendant GEICO Insurance Company (GEICO),[1] arising out of a 2017 automobile accident.  Defendant filed her answer in November 2018, and served discovery upon plaintiff.  Because plaintiff failed to comply with defendant's discovery requests, his complaint was dismissed without prejudice in March 2019.  The judge's written decision stated:

> The case is dismissed for [plaintiff's] failure to provide discovery, which includes interrogatory answers, [and] for his failure [and] abject refusal to sign medical authorizations.  [Plaintiff] disregarded instructions given in [c]ourt [and] on the record to sign the authorizations [and] simply stood up [and] walked out of [c]ourt, in direct defiance of the [c]ourt.

---

[1]  In a December 21, 2018 order, the claims against GEICO were dismissed with prejudice for failure to state a claim upon which relief may be granted under Rule 4:6-2(e).  GEICO is not a party to this appeal.

A-2167-22

> The matter is also dismissed for [plaintiff's] failure to provide the necessary [c]ertification of [p]ermanency. Any attempt by [plaintiff] to reinstate this matter, and/or to oppose a dismissal [with] prejudice application, must include his submission of the required [c]ertification.

In May 2019, plaintiff filed a motion to reinstate his personal injury action. At the same time, plaintiff filed a motion to transfer his state court action to federal court. In support of the motion to reinstate, plaintiff stated, "[p]lease accept the [p]hysicians [c]ertificate for [p]ermanent [d]isability and the [i]nterrogatories answered, [t]hat the court asked for."

In response, defendant cross-moved to dismiss plaintiff's complaint with prejudice. The judge denied all motions. In an August 2, 2019 order, the judge wrote plaintiff's "complaint . . . shall remain dismissed as to [defendant] for the deficiencies noted on the record [with] the [p]hysician's [c]ertification submitted [and] for the reasons stated on the record[.] [T]herefore, the [plaintiff's] motion to reinstate is [d]enied without prejudice." In his accompanying written decision denying plaintiff's motions, the judge explained:

> The [p]laintiff has indicated that he wishes to pursue his claims against the [d]efendants in [f]ederal [c]ourt, but his request to have this [c]ourt transfer the [s]tate [c]ourt matter to [f]ederal [c]ourt is procedurally improper. If [p]laintiff wishes to pursue a [f]ederal [c]ourt [c]omplaint, he must first dismiss the [s]tate

[c]ourt matter (the case is already dismissed) and then file in [f]ederal [c]ourt.

The motion for a transfer is therefore [d]enied.

If [plaintiff] wishes to pursue this [s]tate [c]ourt [c]omplaint, he must refile a [m]otion to [r]einstate [and] do so within [thirty] days. When filing this motion, he must submit a legible [p]hysician's [c]ertification, where the physician identifies in a legible fashion the record, tests and/or findings that the finding of permanency is based on.

At the return date of any new motion to reinstate both the [plaintiff] [and] defense counsel must appear for oral argument so the [c]ourt can gain a clear understanding from [plaintiff] as to how he wishes to proceed.

Plaintiff then filed a complaint in federal court seeking damages for injuries he allegedly sustained in the 2017 car accident. We need not recite the procedural history related to plaintiff's federal court action. Ultimately, the federal court dismissed plaintiff's personal injury complaint, deeming the complaint barred by the statute of limitations. The United States Supreme Court denied plaintiff's petition for certiorari.

Following the disposition of his federal court action, in September 2022, plaintiff moved to reinstate his state court complaint. In response, defendant moved for summary judgment. At that time, plaintiff's complaint remained dismissed without prejudice.

4

A different motion judge heard argument on February 24, 2023. During the argument, plaintiff still mentioned the procedural history regarding his federal court action and explained, he "didn't know" the protocol and "kept proceeding to [f]ederal [c]ourt and [c]ourt of [a]ppeal." Plaintiff further told the judge that he "tr[ied] to reinstate" the complaint in state court because he suffers "pain every day" from the injuries as a result of the car accident.

In opposing the motion to reinstate the complaint, defense counsel argued plaintiff provided "no valid reason or excuse as to why he did not move to reinstate this complaint much earlier." In response to defendant's argument, plaintiff explained he waited to reinstate his state court action because he filed the separate federal court action.

The judge then questioned plaintiff, noting the federal court action was dismissed in February 2022. The judge asked plaintiff, "why did you wait so long to come back to us?" Plaintiff responded, "I didn't know what to do."

The judge recognized plaintiff proceeded with his legal actions pro se. However, the judge explained, a "pro se [party] has the same obligation as an attorney to proceed."

A-2167-22

After hearing argument, the judge denied plaintiff's motion to reinstate the complaint and sua sponte dismissed plaintiff's complaint with prejudice. As a result, the judge deemed defendant's motion for summary judgment moot.

In his reasons stated on the record, the judge found:

> [A]s of January [20]22 . . . [fourteen] months ago, [plaintiff's] proceedings in federal court ended, and he had an obligation if he wanted to come back here to file the motion, which he has done, but eight months later, and has provided some of the information that was sought.
>
> I will not grant the application to reinstate. His application is denied with prejudice. The case is now over. It is true that the two-year statute of limitations, were it to reinstate the case, would permit this matter to proceed, because he filed the complaint within two years in state court of the matter. However, he had every obligation to keep this court informed and to do as . . . Judge Bogaard indicated in the order which is now almost four years old.
>
> I recognize that he was attempting to proceed in federal court, but he . . . has the same obligation as an attorney to proceed. . . . [H]e should have promptly filed the application here more than a year ago. The case is now four years old, and he simply failed to comply with the procedural requirements.

While the judge acknowledged "the remedy [was] harsh," he found dismissal of the complaint with prejudice "warranted under these circumstances."

6

Defense counsel then asked the judge if defendant "need[ed] to separately . . . move to make the dismissal with prejudice?  Because . . . I believe, respectfully, if Your Honor simply denies pro se plaintiff's motion to reinstate[], the complaint will remain dismissed without prejudice."  The judge replied, "I indicated [] this matter is denied with prejudice."  He explained, "[plaintiff] had more than an adequate opportunity to complete the discovery required, which is the heart of the problem, and it's been five years."

Plaintiff then informed the judge that he provided "all the discovery already with [opposing counsel] and . . . gave [the court] all the discovery paper already."  The judge replied, "[y]e[s], now, as of August, but not . . . years ago or even months ago."  The judge acknowledged plaintiff's attempt to proceed in federal court but stated, "once [plaintiff] failed at that, [he] should have come back to us quickly. . . .  [A]ll you had to do was look at [the judge's] order in August of 2019.  It says it right there very clearly."

At the conclusion of the argument, the judge entered a February 24, 2023 order denying plaintiff's motion to reinstate the complaint and dismissing the complaint with prejudice.

On appeal, plaintiff challenges the judge's sua sponte dismissal of his complaint with prejudice.  He argues the procedure by which the judge

7

dismissed his complaint deprived him of due process and violated the New Jersey Court Rules. We agree the procedural mechanism employed by the judge in sua sponte dismissing plaintiff's complaint with prejudice was mistaken.

"Whether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court." Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008). We decline to interfere with a judge's decision on a motion to reinstate a complaint unless it appears than "an injustice has been done." Cooper v. Consolidated Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007).

We are satisfied the judge's sua sponte dismissal of plaintiff's complaint with prejudice under the circumstances was a mistaken exercise of discretion. The failure to follow the strict two-step process outlined in Rule 4:23-5 resulted in a deprivation of plaintiff's right to due process.

Rule 4:23-5(a)(1) allows a trial court to dismiss a delinquent party's pleading without prejudice and requires notification to the delinquent party, "explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore." Because plaintiff was self-represented in this matter, the judge entering the August 2, 2019 order dismissing plaintiff's complaint without prejudice explained, both on the record

and in writing, the items that had to be completed by plaintiff prior to reinstating the complaint. The judge's oral and written instructions comported with the notification requirements of Rule 4:23-5(a)(1).

If the delinquent party fails to move to vacate a without prejudice dismissal order and restore the pleading sixty days after the initial dismissal order, the aggrieved party may move for dismissal of the pleading with prejudice under Rule 4:23-5(a)(2). Where the delinquent party is self-represented, as in this case, the attorney for the aggrieved party seeking with prejudice dismissal of a pleading shall serve an additional notification in the form prescribed by Appendix II-B of the New Jersey Court Rules.

The form notification per Appendix II-B states:

> Please be advised that a motion has been filed with the court . . . seeking to dismiss with prejudice the pleading(s) filed on your behalf. This relief is being requested because a previous order of dismissal without prejudice was entered and you have still not fully responded to demands for discovery[.] If this motion is granted, your claim will be dismissed and may not be subject to restoration . . . .
>
> . . . .
>
> You have the right to appear before the court and you will be afforded the opportunity to explain any exceptional circumstances that may exist to preclude the court from granting the relief requested.

[N.J. R. P.R.A.C. App. II-B.]

The purpose of Rule 4:23-5 is to ensure a delinquent party is aware of the following: (1) notice of the "derelictions and . . . the opportunity to correct them," Thabo v. Z. Transp., 452 N.J. Super. 359, 369 (App. Div. 2017); and (2) the consequences flowing from a without prejudice dismissal, id. at 371. "The main purpose of Rule 4:23-5 is to compel discovery, not to dismiss pleadings." Clark v. Pomponio, 397 N.J. Super. 630, 645 (App. Div. 2008). The notification requirement of Rule 4:23-5 "is at the heart of the dismissal with[out] prejudice practice . . . ." Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 375 (App. Div. 1992).

Judges are "entrusted to ensure" the discovery rules "are properly and fairly enforced." Thabo, 452 N.J. Super. at 371. Thus, a motion judge must "take action to obtain compliance with the requirements of" Rule 4:23-5. A&M Farm & Garden Ctr. v. Am. Sprinkler Mech. L.L.C., 423 N.J. Super. 528, 532 (App. Div. 2012). A judge's dismissal of a case with prejudice without complying with the requirements of Rule 4:23-5 constitutes an abuse of discretion. Zimmerman, 260 N.J. Super. at 376-77.

The "salutary scheme of [Rule 4:23-5] requires meticulous attention to its critical prescriptions, and particularly to those provisions which are intended to

10

afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." Zimmerman v. United Servs. Auto. Ass'n 260 N.J. Super. 368, 376-77 (App. Div. 1992). Those protections apply to pro se litigants as well as represented parties.

Here, defendant never filed a motion to dismiss plaintiff's complaint with prejudice after the August 2, 2019 order denying dismissal of plaintiff's complaint with prejudice. Instead, defendant moved for summary judgment even though plaintiff's complaint remained dismissed without prejudice per the August 2, 2019 order.

Although it had been nearly four years since the August 2, 2019 order dismissing plaintiff's complaint without prejudice and plaintiff's motion to reinstate his complaint, the lapse of time alone was insufficient to warrant sua sponte dismissal with prejudice. Rule 4:23-5(a)(1) provides, "[i]f, however, the motion [to reinstate] is not made within [ninety] days after entry of the order of dismissal [without prejudice], the court may also order the delinquent party to pay sanctions or attorney's fees and costs, or both, as a condition of restoration." Nothing in the Rule permits outright dismissal with prejudice if a motion to reinstate is not filed within ninety days.

The record on appeal is insufficient for us to determine whether the discovery responses plaintiff claimed to have provided to defense counsel and the court remained deficient.[2] Defense counsel never denied plaintiff provided documents prior to plaintiff's renewed motion to reinstate the complaint. Nor did defense counsel identify what documents plaintiff produced or what discovery items remained outstanding. Additionally, defense counsel never stated if the documents supplied by plaintiff were deficient.

Even assuming plaintiff's discovery responses remained deficient, a conclusion we are unable to reach on this record, plaintiff was entitled to notice prior to the judge's sua sponte dismissal of the complaint with prejudice. Plaintiff never received the form notification required under Rule 4:23-5. Nor did the judge adjourn the matter to allow plaintiff "a meaningful opportunity to respond" to the court's motion to dismiss the complaint with prejudice. Additionally, defendant never filed a renewed motion to dismiss plaintiff's complaint with prejudice. By failing to accord "sufficient advance notice of the

---

[2] Based on our review of the record, it appears plaintiff complied with certain discovery obligations. During the motion hearing, the judge indicated plaintiff provided "some information" as of the argument date. However, there is nothing in the record indicating the discovery plaintiff provided.

A-2167-22

application for dismissal," plaintiff was deprived of his right to due process and the procedural safeguards embodied in Rule 4:23-5.

Reversed and remanded for proceedings consistent with this opinion. Any future motion to dismiss plaintiff's complaint with prejudice must provide plaintiff with the notifications required under Rule 4:23-5(a)(2) and Appendix II-B. We take no position on the outcome of any such motion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION