**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2618-23

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CITIGROUP MORTGAGE
LOAN TRUST 2007-WFHE4,
ASSET-BACKED PASS-
THROUGH CERTIFICATES,
SERIES 2007- WFHE4,

     Plaintiff-Respondent,

v.

JEFFREY JOHNSON,

     Defendant-Appellant,

and

MRS. JEFFREY JOHNSON,
his wife, and PARK VILLAGE
ASSOCIATION, INC.,

     Defendants.

_____

Submitted May 13, 2025 – Decided July 18, 2025

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-019766-16.

Jeffrey Johnson, appellant pro se.

Pluese, Becker & Saltzman, LLC, attorneys for respondent U.S. Bank National Association (Stuart H. West, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Jeffrey Johnson appeals from the April 12, 2024 Chancery Division orders denying his motions to vacate final default judgment and to dismiss plaintiff's foreclosure complaint. After reviewing the record in light of the parties' arguments and the governing legal principles, we affirm.

I.

We discern the following pertinent facts and procedural history from the record. On April 13, 2007, defendant executed a note to Wells Fargo Bank, N.A. for a $297,350 loan secured by a purchase money mortgage (Mortgage) which encumbered his property located in Sayreville, New Jersey (Property). The note required defendant to make monthly payments beginning June 1, 2007 and had a maturity date of May 1, 2037. The Mortgage also included an

2

acceleration clause. The Mortgage was recorded on May 11, 2007 at the Middlesex County Clerk's Office.

On February 20, 2012, Wells Fargo assigned the Mortgage to plaintiff. That assignment was recorded three days later at the Middlesex County Clerk's Office. Effective April 1, 2012, defendant executed a loan modification agreement that modified the principal amount due. Despite the modification, defendant defaulted on July 1, 2012.

On April 12, 2016—almost four years after the default—plaintiff mailed defendant a notice of intent to foreclose, pursuant to the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, and in July, plaintiff filed a foreclosure complaint against defendant. Neither defendant nor his wife filed an answer. On plaintiff's motion, the chancery court entered default on September 20.

On October 10, 2016, plaintiff mailed defendant a notice of intent to enter judgment (NOIEJ) per the New Jersey Fair Foreclosure Act. So far as the record reflects, defendant never responded. On January 9, 2017, plaintiff filed a motion to reform the Mortgage to include a legal description of the Property, which the chancery court granted.

A-2618-23

Plaintiff filed a certification of bankruptcy on July 13, 2017, notifying the chancery court that defendant filed for bankruptcy under Chapter 13 of United States Bankruptcy Code on May 9, 2017. Plaintiff's certification advised the court that defendant's Chapter 13 bankruptcy petition was dismissed on June 26, 2017. Plaintiff thereupon proceeded with its foreclosure action.

On September 13, 2017, defendant filed a Chapter 7 bankruptcy petition. He received a discharge on December 22. On February 28, 2018, defendant filed a second Chapter 13 bankruptcy petition, which was dismissed on March 29.

Plaintiff sent a second NOIEJ on February 25, 2019. On April 2, defendant filed a motion to vacate entry of default and permit him to file an answer out of time, which plaintiff opposed. On April 26, the chancery court denied defendant's motion.

On January 30, 2020, the chancery court entered the final judgment, but there was an incorrect date in the body of the order. As a result of this error, the chancery court amended the order on February 4, vacating the January 30 judgment and ordering final judgment in the correct amount of $528,824.16. Six days later, defendant filed a motion seeking to fix the amount due. The chancery court denied defendant's motion on February 28.

A-2618-23

The court ordered a stay of a sheriff's sale on January 25, March 4, May 5, and June 14, 2022. Defendant's September 14, 2022 bankruptcy filing also delayed sale of the Property. The bankruptcy case was ultimately dismissed on May 4, 2023 and a sheriff's sale was scheduled for April 10, 2024.

On March 11, 2024, defendant filed motions to: (1) vacate the sheriff's sale, writ of execution, final judgment, and all prior orders and (2) dismiss the foreclosure complaint. The chancery court adjourned the sheriff's sale until May 8 to allow time for arguments on the motion. On April 12, the court issued an order denying defendant's motions accompanied by a twenty-page written statement of reasons.

The chancery court first held it had subject matter jurisdiction, reasoning:

> [T]his matter was never closed by the courts. The matter was pending an outcome of the bankruptcy actions that were filed by [defendant]. When a bankruptcy action is filed, the foreclosure matter is stayed until the bankruptcy action is discharged. There is no evidence or proof of an administrative [o]rder issued by the [o]ffice of [f]oreclosure for this matter and, therefore, [plaintiff] did not have to file a motion to reinstate the case.

The court next found:

> [T]here is no evidence in the record that the [f]inal [j]udgment or previous orders were made or entered by mistake, inadvertence, surprise, or excusable neglect, nor was there any newly discovery evidence that could

A-2618-23

potentially alter the judgment or order. In addition, there is no evidence of fraud, misrepresentation, or other misconduct. The judgment and prior [o]rders are not void. There is no other reason that would justify vacating all prior [o]rders in this matter. [Defendant] does not have a meritorious defense or an excusable reason to have all prior orders vacated. Additionally, [defendant] has not provided the [c]ourt with evidence of exceptional circumstances to entitle a vacation of all prior orders. The "elusive catch-all" category of subsection (f) of [Rule] 4:50-1 does not apply to [defendant] in this matter. Simply put, [defendant] has not provided any evidence to demonstrate, much less prove, that all prior orders and judgments were unjust, oppressive, or inequitable.

With respect to defendant's motion to dismiss, the chancery court explained:

[Defendant] urges that [plaintiff]'s [c]omplaint be dismissed but fails to make any argument as to why the [c]ourt should dismiss it. [Plaintiff] has a valid foreclosure action against [defendant]. The fundament of a cause of action can be gleaned from [plaintiff]'s [c]omplaint. The allegations made in [plaintiff]'s [c]omplaint support and constitute the valid cause of action asserted. The factual allegations alleged by [plaintiff] are palpably sufficient to support a claim which relief can be granted. The [c]omplaint validly claims an action for failure, on [defendant], to pay its mortgage that was and is due and owing. In addition, [plaintiff] has proven its prima facie case when it filed its final judgment motion in attaching a true copy of the Mortgage and [n]ote, the proof of amount due and schedule, a true copy of the assignments and loan modification, together with further supporting

6

documentation. Therefore, [plaintiff]'s [c]omplaint will not be dismissed.

On May 3, 2024, plaintiff filed a motion to permit compliance with N.J.S.A. 2A:50-64 and proceed with the sheriff's sale. Defendant filed a cross-motion to stay the sheriff's sale. On May 24, the chancery court granted plaintiff's motion for compliance and denied defendant's cross-motions.

Defendant contends on appeal that the trial court abused its discretion by refusing to vacate its prior orders and by permitting the final judgment to stand.

II.

We begin our analysis by acknowledging that the scope of our review is narrow. "[A]n application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." U.S. ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 502 (2008). Accordingly, "[t]he trial court's determination . . . warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (omission in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). We "find[ ] an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested

on impermissible bias.'" Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

In contrast, we review de novo a trial court's decision on a motion to dismiss for failure to state a claim under Rule 4:6-2. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). The reviewing court should "'search[ ] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). In doing so, it should "giv[e] the plaintiff the benefit of 'every reasonable inference of fact.'" Baskin, 246 N.J. at 171 (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). These cases hinge on a question of law, which we review de novo. Gallenthin Realty Dev., Inc. v. Borough of Paulsboro, 191 N.J. 344, 358 (2007).

It is well-established that "a judge sitting in a court of equity has a broad range of discretion to fashion the appropriate remedy in order to vindicate a wrong consistent with principles of fairness, justice, and the law." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 514 (2019) (quoting Graziano v.

8

<u>Grant</u>, 326 N.J. Super. 328, 342 (App. Div. 1999)).  We stress that "[i]n foreclosure matters, equity must be applied to plaintiffs as well as defendants." <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 320 (App. Div. 2012).

Further, <u>Rule</u> 4:50-1 spells out the grounds for a motion for relief from judgment.  It provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons:  (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under <u>R.</u> 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [<u>R.</u> 4:50-1.]

<u>Rule</u> 4:64-8(a) governs the dismissal of foreclosure actions for lack of prosecution, explaining:

Except as otherwise provided by rule or court order, when a foreclosure matter has been pending for twelve months without any required action having been taken therein, the Clerk of the Superior Court shall issue written notice to the parties advising that the matter as to any or all defendants will be dismissed without prejudice [thirty] days following the date of the notice unless, within said period, an answer, motion for default, or motion for judgment or a motion setting time and place for redemption has been filed. If the plaintiff fails to respond as herein prescribed, the court shall enter an order of dismissal without prejudice as to any named party defendant who has not been served or has not answered and shall furnish the plaintiff with a copy thereof.

Rule 4:64-8(b) further explains that "[a] matter may be reinstated after dismissal pursuant to paragraph (a) only on motion for good cause shown."

## III.

We next apply these basic principles to the foreclosure matter before us. Defendant contends the chancery court's orders and entry of final judgment are unenforceable.[1] Defendant appears to be under the misimpression that when he filed for bankruptcy, this matter was dismissed in 2020, and the case was closed. He asserts the chancery court thus lacked subject matter jurisdiction "to entertain

---

[1] The chancery court correctly ruled that the sheriff's sale cannot be vacated because it has yet to occur, and it appears defendant is not challenging that rationale on appeal. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

any motion or enter orders or judgment on a closed case other than a motion to reinstate the case." Relatedly, defendant also relies on Rule 4:64-8 for the proposition that a motion for reinstatement was required to enter any order or judgment in this case.

We are unpersuaded by defendant's arguments, which rest on a faulty factual premise. The record shows the chancery court carefully reviewed the filings, including bankruptcy case dockets and motions. There is simply no evidence of dismissal and closure of this matter. Defendant's filing of his final bankruptcy petition triggered an automatic stay under 11 U.S.C.S. § 362(a), which was lifted upon resolution of the bankruptcy. See Clark v. Pomponio, 397 N.J. Super. 630, 633 (App. Div. 2008).

In these circumstances, we are satisfied the chancery court, sitting as a court of equity, properly and fairly exercised its discretion in denying defendant's motion to vacate. See Woytas, 237 N.J. at 519. Stated another way, the chancery court's 2024 judgments and orders are not void as defendant contends because the court never lost subject matter jurisdiction.

Furthermore, contrary to defendant's assertion, his filing for bankruptcy and the ensuing stay of foreclosure proceedings does not establish a lack of prosecution. The record plainly shows that plaintiff has consistently made

11

efforts to collect payment over the course of years and vigorously opposed defendant's multitude of motions. Clearly then, a motion to reinstate was not required to resurrect a foreclosure action that was never abandoned or dismissed.

In sum, the chancery court correctly held it never lost subject matter jurisdiction. We stress that after reviewing the case jacket, the court concluded there was no pending final judgment motion at the time defendant filed his bankruptcy petitions. In addition, the court held that defendant failed to show the final judgment, which had been ordered four years prior to the court's decision on February 4, 2020, was entered by mistake, inadvertence, surprise, excusable neglect, or any other meritorious defense. The court also noted that neither Rule 4:64-8 nor Rule 4:50-1(f), the "catch-all" provision, applied.

IV.

We turn next to defendant's contention the chancery court erred in denying his motion to dismiss the foreclosure complaint. A plaintiff need only present three elements to establish a prima facie right to foreclose: "the execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Accordingly, the defenses to a foreclosure action are narrow and limited. The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the

right of the mortgagee to foreclose on the mortgaged property. <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

Importantly, defendant did not challenge any of these material elements in his motion to dismiss before the chancery court. Nor does he challenge any of these elements in his appeal brief. We are satisfied that plaintiff has provided adequate documentation to support all three required elements, including the Mortgage, note, assignment, modification, and amounts owed. <u>See Great Falls Bank</u>, 263 N.J. Super. at 394. Absent a challenge to plaintiff's prima facie case, the chancery court correctly denied defendant's motion to dismiss the foreclosure complaint as a matter of law. <u>See Baskin</u>, 246 N.J. at 171.

To the extent we have not specifically addressed them, defendant's remaining arguments lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

13

A-2618-23